UNITED STATES DISTRICT COURT<br>
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNY D. MANCHENO on behalf of himself and all others similarly situated,<br><br>*Plaintiffs,*<br><br>-vs-<br><br>RUSSELL P. GOLDMAN, P.C.; and RUSSELL P. GOLDMAN, individually; and JOHN DOES 1-25**,**<br><br>*Defendants*. | Civil Case No.: 3:19-cv-06646 ZNQ<br><br><br>NOTICE OF MOTION |
| EDWARD M. DIPETRILLO, Jr., on behalf of himself and all others similarly situated,<br><br><br>*Plaintiffs,*<br><br>-vs-<br><br>RUSSELL P. GOLDMAN, P.C.; and RUSSELL P. GOLDMAN, individually; and JOHN DOES 1-25.<br><br>*Defendants* | Civil Case No.: 3:19-cv-10554 ZNQ |

<u>JOINT MOTION FOR PRELIMINARY APPROVAL OF<br>
CLASS ACTION SETTLEMENT</u>

Plaintiffs, Kenny D. Mancheno and Edward M. DiPetrillo, Jr., (the "Plaintiffs or "Class Representatives"), and Defendants, Russell P. Goldman, P.C., and Russell P. Goldman, individually, ("Goldman") collectively referred to herein as "the Parties", respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 23(c)(l): (1) certifying the proposed Class for settlement purposes; (2) preliminarily approving the proposed Settlement Agreement; (3) directing notice to the Class; and (4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2). In support of their motion, the Parties state:

1.    This action was brought by the Plaintiffs on their own behalf and on behalf of all other persons similarly situated to the Plaintiffs.

2.    Plaintiffs asserted a claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") against Defendants in connection with collection letters Goldman sent to Plaintiffs for the purpose of collecting debts owed to New Jersey Higher Education Student Assistance Authority, which Plaintiffs allege violated 15 U.S.C. §1692 *et seq*. Goldman denies all of these factual allegations.

3.    Counsel for Plaintiffs and Defendants have reviewed and analyzed the complex legal and factual issues presented in these consolidated actions, and the risks and expenses involved in pursuing the litigation to conclusion.

4.    Based upon this review and analysis, counsel for Plaintiffs and Goldman embarked upon and concluded comprehensive settlement discussions and executed the Class Action Settlement Agreement and Release (the "Settlement Agreement"), attached as Exhibit "A".

5.    Counsel for Plaintiffs and the proposed Class and counsel for Goldman believe that the settlement of this action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and adequate, and would be in the best interests of the members of the proposed class.

6.    The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Class Settlement Agreement.

7.    The Parties submit, for the Court's approval, the Notice of Proposed Class Action Settlement, attached as Exhibit "B", to be sent to each Class Member *via* first class mail.

8.    The Parties also submit a proposed Preliminary Approval Order and Final Approval Order, attached as Exhibits "C" and "D", respectively.

WHEREFORE, the Parties respectfully request that the Court enter an order:

(1) certifying the proposed Class for settlement purposes;

(2) preliminarily approving the proposed Class Settlement Agreement;

(3) directing the Notice of Proposed Class Action Settlement to be sent to the Class via first class mail; and

(4) setting dates for opt-outs, objections, and a hearing under Federal Rule of Civil Procedure 23(c)(2).


Dated: March 13 , 2020

JONES, WOLF & KAPASI, LLC

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.
375 Passaic Avenue
Fairfield, NJ 07004
Telephone: 973.227.5900
Facsimile: 973.244.001
*Attorneys for Plaintiffs*


MARGOLIS EDELSTEIN

*/s/ Colleen M. Ready*
Colleen M. Ready, Esq.
100 Century Parkway, Suite 200
P.O. Box 5084
Mount Laurel, NJ 08054
Telephone: 856.727.6000
Facsimile: 856.727.6010
*Attorneys for Defendants*

# Exhibit

# A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNY D. MANCHENO on behalf of himself and all others similarly situated, | Civil Case No.: 3:19-cv-06646 ZNQ |
| *Plaintiffs,* | Civil Action |
| -vs- | **CONSOLIDATED INDIVIDUAL AND CLASS SETTLEMENT AGREEMENT** |
| RUSSELL P. GOLDMAN, P.C.; and RUSSELL P. GOLDMAN, individually; and JOHN DOES 1-25. | |
| *Defendants.* | |

| | |
|---|---|
| EDWARD M. DIPETRILLO, Jr., on behalf of himself and all others similarly situated, | Civil Case No.: 3:19-cv-10554 ZNQ |
| *Plaintiffs,* | |
| -vs- | |
| RUSSELL P. GOLDMAN, P.C.; and RUSSELL P. GOLDMAN, individually; and JOHN DOES 1-25. | |
| *Defendants.* | |

This Consolidated Individual and Class Settlement Agreement, dated February     , 2020, ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiffs, Kenny D. Mancheno and Edward M. DiPetrillo, Jr., on behalf of themselves and each of the Settlement Class members, by and through Class Counsel; and (ii) the Defendants, Russell P. Goldman, P.C., and Russell P. Goldman, individually, by and through their  counsel of record in this Litigation.[1] This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

---

1 As used in this Agreement, capitalized terms shall have the meanings and definitions set forth herein.

1

## RECITALS

1.  **Parties.**  Defendants Russell P. Goldman, P.C., and Russell P. Goldman, individually ("Goldman") and Plaintiffs Kenny D. Mancheno and Edward M. DiPetrillo, ("Plaintiffs") individually, and as representatives of the class of persons defined below in Paragraph 8 (the "Settlement Class"), enter into this Agreement as to the claims of Plaintiffs and the Settlement Class arising from Goldman's collection letters attached as Exhibits to the Complaints in this Litigation.  Plaintiffs and Goldman are collectively referred to hereinafter as the "Parties."

2.  **Nature of litigation.** On February 24, 2019, Kenny D. Mancheno, individually and on behalf of a class, filed a lawsuit in the United States District Court for the District of New Jersey, which was captioned as *Kenny D. Mancheno, et al v. Russell P. Goldman, P.C., and Russell P. Goldman, et al.,* Case No.: 2:19-cv-06646 MAS-DEA, and on April 22, 2019, Edward M. DiPetrillo  filed a lawsuit in the United States District Court for the District of New Jersey, which was captioned as *Edward M. DiPetrillo, et al v. Russell P. Goldman, P.C., and Russell P. Goldman, et al.,* Case No.: 3:19-cv-10554 FLW-ZNQ, collectively (the "Litigation"). The Litigation alleged Goldman violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), by sending consumers written collection letters, which allegedly made false, deceptive, and misleading statements in an effort to collect a debt. Goldman filed an answer to the complaints denying it violated the FDCPA and denying all liability to Plaintiffs and the Settlement Class.

The Parties subsequently engaged in extensive written discovery, and extensive arms-length discussions to resolve the Litigation, which included the informal exchange of information and documents relevant to Plaintiff's class claims and damages, and at a settlement conference on January 17, 2020, reached a settlement which ultimately culminated with this Agreement.

3.  **Denial of Liability.**  As noted above, Goldman denies violating the FDCPA and denies all liability to Plaintiffs and the Settlement Class. Goldman enters into this settlement solely to avoid the burden and uncertainty of further litigation, and to put to rest all claims which have or could have been asserted by Plaintiffs and the Settlement Class against Goldman in the Litigation.

4.  Plaintiffs, individually and on behalf of the Settlement Class, desire to settle their claims against Goldman, having taken into account through Plaintiffs' counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this

2

settlement and the likelihood that the Litigation will be further protracted.

5.     Plaintiffs' counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, exchanging formal and informal written discovery. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiffs' counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6.     In consideration of the foregoing and other good and valuable consideration set forth below, the Parties  agree to settle all claims which were or could have been asserted by the Plaintiffs in their respective Complaints, and the claims of the Settlement Class arising from the Goldman collection letters attached to Plaintiffs' Complaints in the Litigation (hereinafter referred to as "the Collection Letters"), subject to the Court's approval, on the following terms and conditions.

## TERMS

7.     **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") five (5) days after the entry of the Final Approval Order, which (a) approves the settlement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses with  prejudice the claims alleged by Plaintiffs, individually and on behalf of the Settlement Class in their respective Complaints.

8.     **Certification of Settlement Class.** For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> All New Jersey Consumers who were sent notices or letters from [Goldman] prior to [Goldman] obtaining a judgment, against the such consumer, during the period between February 24, 2018 and March 22, 2019, concerning a debt allegedly owed to New Jersey Higher Education Student Assistance Authority, which
>
> 1.   stated in part:
>
>> There remains due a balance as show above, which includes interest and collection costs.
>>                    and/or
> 2.   included collection costs and/or attorneys' fees prior to Goldman obtaining a judgment against the consumer.

3

9.    **Class Size.** During discovery, Goldman has provided documentation to Class Counsel concerning the number of claims and class members. Specifically, there are approximately 186 persons who fit within the class definition and, therefore, are in the Settlement Class.

10.    **Relief to Plaintiffs and the Settlement Class.** In view of all the foregoing, and as set forth below, the sum of Seventy Five Thousand ($75,000) Dollars shall be paid by or on behalf of Goldman as follows:

    (a)    Goldman will create a class settlement fund of $4,650.00 ("Class Recovery"), which the Class Administrator will distribute to those Settlement Class Members who do not exclude themselves, a check in the amount of $25.00. Checks issued to Class Members will be void sixty (60) days from the date of issuance. If any portion of the Settlement Class Recovery remains after the void date on the Members' checks, these remaining funds will be distributed as set forth in ¶10(d).

    (b)    Goldman shall pay $1,000.00 to each named Plaintiff for his statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus an additional $1,000.00 in recognition of his service to the Settlement Class. Therefore, each named Plaintiff will receive $2,000.00, for a total of $4,000.00;

    (c)    Plaintiffs' counsel shall pay, out of the funds specified in ¶10(e) below, all costs associated with providing notice to the Settlement Class under this class settlement and all costs of administering the class settlement;

    (d)    Any checks that have not been cashed by the void date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to a charitable organization. The Parties propose that the *cy pres* award be donated to the National Consumer Law Center. The Parties' selection of the forgoing *cy pres* recipient is subject

4

to the Court's approval at the time of the final fairness hearing.

(e)    Subject to the Court's approval, Goldman agrees to pay Class Counsel $66,350.00 as reasonable attorneys' fees and costs incurred in the prosecution of a "successful action" under 15 U.S.C. § 1692k. The award of fees, costs, and expenses to Class Counsel shall be in addition to, and shall not in any way reduce, the amounts to be provided to the Settlement Class Members.

11.    Settlement Class Members shall have forty-five (45) days after mailing of the notice of the proposed settlement to complete and postmark a request to "opt-out" from the proposed settlement or to object to the proposed settlement.

12.    Any Settlement Class Member may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class Members desiring to exclude themselves from the Litigation must serve copies of the request on Class Counsel and Goldman's counsel at the addresses listed in Paragraph 26 of this Agreement by the date set by the Court. Any Settlement Class member who "opts-out" of the Settlement Class and the Agreement shall not be bound by any prior court order or the terms of the Agreement.

13.    Any Settlement Class member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Class Counsel and Goldman's counsel at the addresses set forth in Paragraph 26 of this Agreement within the time period set by the Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests of the Settlement Class. Any Settlement Class Member who objects to the Agreement may appear at the Final Approval Hearing and, subject to Court approval, be heard on the fairness of the settlement.

14.    Within 10 days after the Effective Date, Goldman shall distribute all monies set forth in Paragraphs 10(a), 10(b), and 10(e) to: "Jones, Wolf & Kapasi, LLC – Trust Account", and within 30 days after the Effective Date, Jones, Wolf & Kapasi, LLC shall disburse those monies in accordance with this Agreement.

15.    **Release.** Upon the Effective Date, the Parties grant the following releases:

(a)    Plaintiffs, Kenny D. Mancheno and Edward M. DePetrillo, including each and every one of their respective agents, representatives, heirs, assigns, or any other person acting on their behalf or for their benefit, and any person claiming through them (collectively, the "Releasors"), releases and discharges Goldman, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (collectively, the "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time, which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release the Released Parties of all claims that were made or that could have been made in their respective lawsuits including all claims relating to Goldman's collection activities.

(b)    Each member of the Settlement Class who does not "opt-out" releases and discharges the Released Parties of all causes of action, suits, liability, and claims, including claims for the payment of attorney's fees and costs, arising out of or related to the Collection Letters.

(c)    It is expressly stated that the releases above DO NOT release any claim or defense Plaintiffs and each Settlement Class Member may have with respect to the underlying debts which Goldman was attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

(d)    Goldman does NOT release its claims, if any, against

Plaintiffs or any member of the Settlement Class for the payment of their alleged debts. The underlying debts Goldman sought to collect are not affected by this Agreement. This Agreement does not prevent Goldman from continuing to attempt to collect the debts allegedly owed by Settlement Class Members.

16.    The releases set forth herein are conditioned upon the Court's approval of the settlement and Goldman meeting its obligations herein. If this settlement is not approved by the Court or for any reason does not become effective, this Agreement shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

17.    **Notice Costs and Related Matters.** Plaintiffs' counsel, Jones, Wolf & Kapasi, LLC will pay all costs of providing notice to the Settlement Class and settlement administration, as described above in Paragraph 10(c).

18.    **Notice.** Within ten (10) days of entry of the Preliminary Approval Order, Goldman shall provide Jones, Wolf & Kapasi, LLC and/or the Class Administrator with the names and last known addresses of the Settlement Class Members, according to Goldman's business records. Within twenty (20) days of entry of the Preliminary Approval Order, Jones, Wolf & Kapasi, LLC and/or the Class Administrator shall cause actual notice to be sent to Settlement Class Members using the information provided by Goldman. Jones, Wolf & Kapasi, LLC and/or the Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, said notice shall be sent to the new address by Jones, Wolf & Kapasi, LLC and/or the Class Administrator within seven (7) days of receipt. Neither Jones, Wolf & Kapasi, LLC, the Class Administrator, Goldman, Goldman's counsel, or Plaintiffs are required to skip trace any notices that are returned as undeliverable.

19.    Goldman shall provide notice of this proposed class settlement to the appropriate state and federal authorities, and file proof of same with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

20.    **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for a Preliminary Approval Order, which:

(a)     Preliminarily approves this settlement as being within the range of fairness and reasonableness;

(b)     Certifies the Settlement Class defined in Paragraph 8 for settlement purposes;

(c)     Appoints Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., of Jones, Wolf & Kapasi, LLC, as Class Counsel;

(d)     Appoints Plaintiffs, Kenny D. Mancheno and Edward M. DiPetrillo, as the representatives of the Settlement Class;

(e)     Provides for the payment of costs for Class Notice and Administration to be borne by counsel for Plaintiffs;

(f)     Sets dates for Settlement Class members to "opt-out" or to object;

(g)     Schedules a hearing for final approval of this settlement;

(h)     Approves notice to the Settlement Class, to be directed to the last known address of Settlement Class Members as shown in Goldman's business records;

(i)     Directs that mailing of the Settlement Class notice and the other measures specified in Paragraph 18 of this Agreement are the only notices required to be sent to the Settlement Class Members, and finds that such notices satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

21.     The Parties agree to draft the form of notice to the Class Members and preliminary approval order. The fact that the Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

22.     **Final approval.** At the conclusion of, or as soon as practicable after, the hearing on the fairness, reasonableness and adequacy of this settlement, and the expiration of at least

ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiffs, Class Counsel, Goldman, and Goldman's counsel shall request that the Court enter a Final Order:

(a)     approving the terms of the settlement and this Agreement as fair, reasonable, and adequate;

(b)     providing for the implementation of its terms and provisions;

(c)     certifying the Settlement Class for settlement purposes;

(d)     finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

(e)     dismissing the claims of Plaintiffs and the Settlement Class alleged in the Complaint without prejudice and further costs except as provided herein;

(f)     retaining exclusive jurisdiction to enforce the terms of this Agreement;

(g)     directing Class Counsel, after all money has been distributed from the Class Recovery and no later than thirty (30) days after the Void Date, to file a notice apprising the Court that the terms of the Settlement and this Agreement have been complied with and providing an accounting of how the Class Recovery was distributed; and

(h)     directing that ten (10) days after the filing of the notice contemplated in Paragraph 22(g) above, the claims of Plaintiffs and the Settlement Class shall be dismissed with prejudice and without costs, absent a timely motion by either Plaintiffs or Goldman.

23.    **Release of Attorneys' Lien.** In consideration of this Agreement, Class Counsel hereby discharges and releases the "Released Parties," as defined in Paragraph 15(a) above, of and from any and all claims for attorneys' fees or costs, by lien or otherwise, other than the amount stated in Paragraph 10(e).

24.    **Miscellaneous Provisions.** The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein including, but not limited to, resolution of the amount of Class Counsels' attorneys' fees and costs prior to the fairness hearing. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendant of any liability to the Settlement Class.

25.    Notices of exclusion requests and objections related to this Agreement shall be sent to:

Counsel for Plaintiffs:                    Counsel for Defendant, Goldman:
Joseph K. Jones, Esq.                      Colleen M. Ready, Esq.
JONES, WOLF & KAPASI, LLC                  MARGOLIS EDELSTEIN
375 Passaic Avenue                         100 Century Parkway, Suite 200
Fairfield, NJ 07004                        P.O. Box 5084
Telephone: 973.227.5900                    Mount Laurel, NJ  08054
Facsimile: 973.244.0019                    Telephone:  856.727.6000
Email: jkj@legaljones.com                  Facsimile:  856.727.6010
                                           Email:  CReady@margolisedelstein.com

The persons and addresses designated in this Paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

26.    The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

27.    This Agreement may be executed in multiple counterparts, with electronic signatures in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

28.     Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiffs, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

29.     This Agreement shall be governed by and interpreted in accordance with the laws of the State of New Jersey.

30.     If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted out or excluded themselves for six months thereafter, and may destroy them after that period.

31.     If any Party commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover their reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees and expenses hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorneys' fees and expenses actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorneys' fees and expenses paid or incurred in good faith.

[Signatures on Following Page]

**IN WITNESS WHEREOF**, the Parties hereto, acting by and through their respective counsel of record, have so agreed:

Plaintiffs, KENNY D. MANCHENO and
EDWARD M. DIPETRILLO on behalf of
themselves  and all others similarly situated,

*/s/ Kenny D. Mancheno*
 KENNY D. MANCEHNO
Dated: February  25, 2020


*/s/ Edward M. DiPetrillo*
EDWARD M. DIPETRILLO
Dated: February  25, 2020

Defendants,
 RUSSELL P. GOLDMAN, P.C.

*/s/ Russell P. Goldman*
By: Russell P. Goldman, Esq., President
Dated: February  25, 2020


RUSSELL P. GOLDMAN, *individually*

*/s/ Russell P. Goldman*
RUSSELL P. GOLDMAN
Dated: February  25, 2020

12

# Exhibit

# B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNY D. MANCHENO on behalf of himself and all others similarly situated,<br><br>　Plaintiffs,<br><br>-vs-<br><br>RUSSELL P. GOLDMAN, P.C.; and RUSSELL P. GOLDMAN, individually; and JOHN DOES 1-25,<br><br>　Defendant. | Civil Action No. 3:19-cv-06646 ZNQ<br><br>**Civil Action**<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, FAIRNESS HEARING, FINAL SETTLEMENT APPROVAL HEARING AND DISTRIBUTION OF COUNSEL'S FEES** |
| EDWARD M. DIPETRILLO, Jr., on behalf of himself and all others similarly situated,<br><br>　　　*Plaintiffs*,<br><br>　　-vs-<br><br>RUSSELL P. GOLDMAN, P.C.; and RUSSELL P. GOLDMAN, individually; and JOHN DOES 1-25.<br><br>　　*Defendants.* | Civil Case No.: 3:19-cv-10554 ZNQ |

**If you received a collection letter from RUSSELL P. GOLDMAN, P.C., you may benefit from this class action settlement.**

*These cases are titled:*
*KENNY D. MANCHENO, et al v. RUSSELL P. GOLDMAN, P.C., et al,*
*D.N.J. Case No.: 3:19-cv-06646 ZNQ*

*EDWARD M. DIPETRILLO, Jr.,, et al v. RUSSELL P. GOLDMAN, P.C., et al,*
*D.N.J. Case No.: 3:19-cv-10554 ZNQ*

*A Federal court authorized this notice.*
*This is not a solicitation from a lawyer.*

**THIS IS A NOTICE OF A SETTLEMENT OF A
CLASS ACTION LAWSUIT.
THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **DO NOTHING BUT STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Class and be bound by the terms of the settlement. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain your legal claims against the Defendant. |
| **OBJECT** | Write to the Court about why you do not like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**1.       Why did I get this notice?**

You are receiving this notice because you were identified as a person to whom Defendant, Russell P. Goldman, P.C., ("Goldman") sent a collection letter between February 24, 2018 and March 22, 2019, in an attempt to collect a debt owed to New Jersey Higher Education Student Assistance Authority, which stated in part:

      i.     There remains due a balance as shown above, which includes interest and collection costs.
                      and/or
      ii.    included collection costs and/or attorneys' fees prior to Goldman obtaining a judgment against the consumer.

**2.       What is this lawsuit about?**

This lawsuit claims that Goldman violated a federal law known as the Fair Debt Collection Practices Act ("FDCPA") by sending consumers written collection letters, which Plaintiffs allege made false, deceptive, and misleading representations in an effort to collect a debt. Goldman filed an answer to the lawsuit denying that its collection letters violate the FDCPA.

**3.       Why is this a class action?**

2

In a class action, one or more people called Class Representatives (in this case,  Kenny D. Mancheno and Edward M. DiPetrillo, Jr.) sue on behalf of a group (or a "Class") of people who have similar claims regarding a materially similar collection letter used by Goldman in an attempt to collect a debt on behalf of New Jersey Higher Education Student Assistance Authority ("NJHESAA").

**4.      Why is there a settlement?**

To avoid the risk, delay and expense of litigation, Plaintiffs and Goldman (the "Parties") reached a settlement agreement as to Plaintiffs' and the Class' claims.

**5.      How do I know if I am a part of the settlement?**

For settlement purposes, the Court has certified a Class consisting of all people who meet the following definition:

> All New Jersey Consumers who were sent notices or letters from Goldman prior to NJHESAA obtaining a judgment, against the such consumer, during the period between February 24, 2018 and March 22, 2019, concerning a debt allegedly owed to New Jersey Higher Education Student Assistance Authority, which stated in part:
>
> i.      There remains due a balance as shown above, which includes interest and collection costs.
>
> and/or
>
> ii.     included collection costs and/or attorneys' fees prior to Goldman obtaining a judgment against the consumer.

Goldman estimates that, based on its electronic records, it sent out approximately 186 such written communications to the Class Members.  According to Goldman's records, you are a Class Member.

**YOUR BENEFITS UNDER THE SETTLEMENT**

**6.      What can I get from the settlement?**

Goldman will create a class settlement fund of $4,650.00 ("Class Recovery"), from which the Class Administrator will distribute to those Settlement Class Members who do not exclude themselves, a check in the amount of $25.00.

**7.      When will I receive these benefits?**

You will receive these benefits approximately 45-60 days after the Court enters a Final Approval Order. This estimation is premised on the assumption that no objections are received.

**8.      I want to be a part of the settlement. What do I do?**

Nothing. You do not need to do anything to be part of the settlement.

**9.      What am I giving up if I remain in the settlement?**

By staying in the Class, all of the Court's orders will apply to you, and you give Goldman a "release." A release means you cannot sue or be part of any other lawsuit against Goldman about the claims or issues in this lawsuit with respect to the claims made in the Complaint.

**10.     How much will the Class Representative receive?**

The named Plaintiffs, Kenny D. Mancheno and Edward M. DiPetrillo, Jr., will each receive a payment of $2,000.00 for their individual statutory damages under the FDCPA and their services to the Class. This payment is subject to the Court's Approval.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to remain in the settlement, but you want to keep your legal claims against Goldman then you must take steps to exclude yourself from this settlement.

**11.     How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from the settlement of the *KENNY D. MANCHENO,   et al v. RUSSELL P. GOLDMAN, P.C., et al, D.N.J. Case No.: 3:19-cv-06646 ZNQ;* and *EDWARD M. DIPETRILLO, Jr.,  et al v. RUSSELL P. GOLDMAN, P.C., et al, D.N.J. Case No.: 3:19-cv-10554 ZNQ* lawsuits. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request so that it is postmarked no later than _____, to:

Class Counsel:                         Class Administrator:

Joseph K. Jones, Esq.                  Simpluris, Inc.
JONES, WOLF & KAPASI, LLC              3194-C Airport Loop Drive
375 Passaic Avenue, Suite 100          Costa Mesa, CA 92626

4

Fairfield, NJ 07004

**12.     If I exclude myself, do I still receive benefits from this settlement?**

No, you will not receive anything resulting from the settlement, but you will have the right to sue Goldman over the claims raised in this case, either on your own or as a part of a different lawsuit. If you exclude yourself, the time you have in which to file your own lawsuit (called the "statute of limitations") will begin to run again. You will have the same amount of time to file the suit that you had when this case was filed.

**THE LAWYERS REPRESENTING YOU**

**13.     Do I have a lawyer in this case?**

The Court has appointed Joseph K. Jones, Esq., of Jones, Wolf & Kapasi, LLC, to serve as Class Counsel. You will not be charged for this lawyer; however, he will receive a payment from Goldman in an amount to be determined by and approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own lawyer, he or she must file an appearance by_____.

**14.     How will the lawyers be paid?**

Subject to the Court's approval, Goldman has agreed to pay Class Counsel a total of $66,350.00 as attorneys' fees and costs incurred with respect to the Plaintiffs and the Class claims. The award is in addition to, and shall in no manner reduce, the amount of benefits due the Class. The Parties will jointly ask the Court to approve the foregoing amount of attorneys' fees and costs as part of Class Counsel's application for attorneys' fees, costs, and expenses through Final Approval. The attorneys' fees and costs will be paid by Goldman and will not be taken out of the class settlement fund.

**CLASS COUNSEL'S VIEWS ABOUT THE SETTLEMENT**

**15.     Is this a fair settlement?**

Counsel for the Parties believe that this settlement is fair. The claim asserted on behalf of the Class against Goldman is under the FDCPA. The FDCPA is a federal statute which provides for both individual actions and class actions. In an individual action, the person bringing the suit may recover (i) any actual damages suffered; and (ii) statutory damages of between $0 and $1,000.00. Plaintiffs' complaints do not allege any actual damages. In a class action, the

5

maximum possible recovery is (i) any actual damages suffered by the class members and (ii) the lesser of 1% of the Goldman's net worth or $500,000.00. The Court, in its discretion, may award anything up to the maximum amount to a prevailing party. In either an individual or class action, the person bringing the suit may also recover attorneys' fees and the expenses of prosecuting the suit, if the lawsuit is successful.

In this case, the Class Recovery of $4,715.00 will be distributed to each of those Settlement Class Members who do not exclude themselves, by a check in the amount of $25.00.

## 16.    What is the Defendant's view of this settlement?

As stated above, Goldman filed an answer denying that its collection letters or practices violated the FDCPA, and also deny that Plaintiffs sustained any actual damages as a result of any act or omission of Goldman. Goldman desires to settle the claims of the Class to avoid the risk, burden, and uncertainty of further litigation, and to put to rest all claims related to its collection letter that is the subject of this lawsuit.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

## 17.    How do I tell the Court that I do not like the Settlement?

If you are a Class member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *KENNY D. MANCHENO, et al v. RUSSELL P. GOLDMAN, P.C., et al, D.N.J. Case No.: 3:19-cv-06646 ZNQ; EDWARD M. DIPETRILLO, Jr., et al v. RUSSELL P. GOLDMAN, P.C., et al, D.N.J. Case No.: 3:19-cv-10554 ZNQ*, and your name, address, telephone number, and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18). You must mail your objection so that it is postmarked no later than _____ to: Clerk of the Court, United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.

You must also mail a copy of your objection to:

Class Counsel:                                Class Adminstrator:
Joseph K. Jones, Esq.                         Simpluris, Inc.
JONES, WOLF & KAPASI, LLC                     3194-C Airport Loop Drive

375 Passaic Avenue,  Suite 100                          Costa Mesa, CA 92626
Fairfield, NJ 07004

Defense Counsel:
Colleen M. Ready, Esq.
MARGOLIS EDELSTEIN
100 Century Parkway, Suite 200
P.O. Box 5084
Mount Laurel, NJ  08054


## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so.

### 18.     Where and when is the fairness hearing?

The Court will hold a fairness hearing on_____ at 10:00 p.m. in the courtroom of the Honorable Zahid N. Quraishi, U.S.M.J., United States District Court Magistrate Judge, 402 East State Street, Trenton, NJ 08608. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable, and adequate and in the best interests of the Class, and to determine the appropriate amount of compensation for Class Counsel. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

YOU ARE **NOT** REQUIRED TO ATTEND THIS HEARING TO BENEFIT FROM THIS SETTLEMENT. The hearing may be postponed to a later date without notice.

GETTING MORE INFORMATION – CONTACT:

Class Counsel:
      Joseph K. Jones, Esq.
      JONES, WOLF & KAPASI, LLC
      375 Passaic Avenue, Suite 100
      Fairfield, NJ 07004
      Telephone: 973.227.5900
      Email: jkj@legaljones.com

**<u>DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR TO THE JUDGE.</u>**

<u>They are not permitted to answer your questions.</u>

# Exhibit

# C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENNY D. MANCHENO on behalf of himself and all others similarly situated,<br><br>*Plaintiffs,*<br><br>-vs-<br><br>RUSSELL P. GOLDMAN, P.C.; and RUSSELL P. GOLDMAN, individually; and JOHN DOES 1-25.<br><br>*Defendants.* | Civil Case No.: 3:19-cv-06646 ZNQ |
| EDWARD M. DIPETRILLO, Jr., on behalf of himself and all others similarly situated,<br><br>*Plaintiffs,*<br><br>-vs-<br><br>RUSSELL P. GOLDMAN, P.C.; and RUSSELL P. GOLDMAN, individually; and JOHN DOES 1-25.<br><br>*Defendants.* | Civil Case No.: 3:19-cv-10554 ZNQ |

## PRELIMINARY APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter comes before the Court on the joint request (the "Motion") of Kenny D. Mancheno and Edward M. DiPetrillo, Jr., ("Plaintiffs"), and a class of persons similarly situated, (collectively "Plaintiffs" or "Settlement Class Members"), and Russell P. Goldman, P.C. and Russell P. Goldman, individually, ("Goldman" or "Defendants"), for preliminary approval of the Class Action Settlement Agreement, dated February 25, 2020 (the "Agreement"). The Court has reviewed the Agreement, the terms of the Settlement contained therein, and the exhibits attached

to the Motion, and, for good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Court finds that the proposed Settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2.      A hearing on the fairness and reasonableness of the Settlement, whether final approval shall be given to it, and the request for fees and expenses by counsel for the Class will be held before this Court on _____, 2020 at ___ a.m./p.m.

3.      The Court directs Plaintiffs' Counsel to pay the costs of Class Notice and Administration.

4.      The Court approves the proposed Notice of Proposed Class Action Settlement ("Notice") to be directed to the last known address of the Class Members as shown in Defendants' records. Plaintiffs' counsel shall cause the Class Administrator to send, by First-Class mail, the Notice to Class Members on or before, _____ 2020 (within 30 days after entry of the Preliminary Approval Order). It will re-mail any notice that is returned with a forwarding address within five (5) business days.

5.      The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Settlement Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the Class Members are required.

6.      Class Members shall have 45 days from the mailing of the Notices to request exclusion or object to the proposed settlement (the "Opt-Out" Date"). If the Notice is mailed on _____, 2020, Class Members shall have until _____, 2020 to request exclusion, or object to the proposed settlement. Any Class Member who desires to exclude him or herself from

the settlement must mail a request for exclusion to the Class Administrator. The Class Administrator shall forward all such requests to Counsel for Defendants and Class Counsel within five (5) days of receipt thereof. Any Class Members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the District of New Jersey, and serve copies of the objection on the Class Administrator and counsel for Plaintiffs and Defendants by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interests of the Class. Objectors who have filed written objections to the Settlement must also appear at the hearing and be heard on the fairness of the Settlement.

7.      Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Class Administrator, Simpluris, Inc. and be postmarked no later than the Opt-Out Date. To be effective, the request for exclusion must make clear that exclusion is sought by submitting a letter stating words to the effect of "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN *"Kenny D. Mancheno, et al v. Russell P. Goldman, P.C., et al, D.N.J. Case No.: 3:19-cv-06646 ZNQ and Edward M. DiPetrillo et al v. Russell P. Goldman, P.C., et al, D.N.J. Case No.: 3:19-cv-10554 ZNQ"*.

8.      The request for exclusion must also contain the excluded Person's name and address, and the request must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. The Class Administrator, Simpluris, Inc., shall provide copies of any and all requests for exclusion to Defendants' Counsel and to Class Counsel no later than fifteen (15) business days before the Fairness Hearing. Class Counsel shall file and serve a list of all individuals who timely and effectively request exclusion.

9.      Plaintiffs' counsel shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), no later than forty-five (45) days after the Void D

10.     Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Fairness Hearing provided that such Person files with the Court and delivers to designated Class Counsel and Defendants' Counsel a written notice of objection no later than fifteen (15) days before the Fairness Hearing. Any Person who objects to the Settlement must file a written statement of reasons of no more than 15 pages with the Clerk of the Court and deliver same to the Class Administrator, Simplus, Inc., Class Counsel and Defendants' Counsel, with the written notice of request for exclusion. Class Counsel and Defendants' Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5 business days prior to the Fairness Hearing. The manner in which a notice of objection should be prepared, filed, and delivered is stated in the Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not prepare, file, and deliver his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

11.     The Court notes that Defendants deny any liability to the Plaintiffs or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants considered it desirable that the Action be settled and that the claims against Defendants, and their current and former officers, directors, trustees, members, principals, successors, assigns, and agents and all persons acting by, through,

or in any way on behalf of the Defendants, be released, relinquished, and discharged on the terms set forth in the Settlement Agreement in order to dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against the Defendants in the plaintiffs' Complaints.

12.    All discovery and other proceedings in the Litigation are stayed unless pursuant to the Court's Order for the purpose of implementing the Settlement or complying with the terms of the Agreement.

13.    The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether Class or Individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims, as described in the Settlement Agreement, unless and until the Settlement Agreement is terminated.

14.    If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of the approximate date prior to which the agreement-in-principle to settle the Action was reached. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

15.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

SO ORDERED  this _____day of _____, 2020.


                                        _____
                                        Honorable Zahid N.
                                        Quraishi,U.S.M.J.

# Exhibit

# D

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNY D. MANCHENO on behalf of himself and all others similarly situated,<br><br>*Plaintiffs*,<br><br>-vs-<br><br>RUSSELL P. GOLDMAN, P.C.; and RUSSELL P. GOLDMAN, individually; and JOHN DOES 1-25.<br><br>*Defendants*. | Civil Case No.: 3:19-cv-06646 ZNQ |
| EDWARD M. DIPETRILLO, Jr., on behalf of himself and all others similarly situated,<br><br>*Plaintiffs*<br><br>-vs-<br><br>RUSSELL P. GOLDMAN, P.C.; and RUSSELL P. GOLDMAN, individually; and JOHN DOES 1-25.<br><br>*Defendants* | Civil Case No.:  3:19-cv-10554 ZNQ |

## FINAL APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter having been brought before the Court upon the joint application (the "Motion") of Kenny D. Mancheno and Edward M. DiPetrillo, Jr., ("Plaintiffs"), and a class of persons similarly situated (collectively "Plaintiffs" or "Settlement Class Members"), and Russell P. Goldman, P.C., and Russell P. Goldman, individually, ("Goldman" or "Defendants"), for approval of the Class Action Settlement Agreement, dated February 25, 2020 (the "Agreement").

Due and adequate notice having been given to the Class, and the Court having considered the terms of the Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    On _____, 2020, this Court preliminarily approved the Class Settlement Agreement reached between Plaintiffs and Defendants for the claims alleged in the above-captioned matters, *Kenny D. Mancheno, et al v. Russell P. Goldman, P.C., et al, D.N.J. Case No.: 3:19-cv-06646 ZNQ* and *Edward M. DiPetrillo, et al v. Russell P. Goldman, P.C., et al, D.N.J. Case No.: 3:19-cv-10554 ZNQ,* filed in the United States District Court for the District of New Jersey (collectively referred to as the "Litigation"). At that time, the Court also approved a Notice of Proposed Class Action Settlement, for mailing to the class. The Court is informed that such Notice was sent by first-class mail to _____ individuals who are deemed Settlement Class Members. A total of _____ envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and _____ envelopes were returned and re-mailed to a forwarding address. _____ class members submitted timely requests for exclusion and _____ class member(s) requested exclusion after the deadline of _____. _____ class member(s) sent a letter that is ambiguous. The Court has found that _____ class members are participating in the Settlement, _____ class members excluded themselves from the Settlement, and _____ members objected to the Settlement.

2.    The Court, for purposes of this Final Order Approving the Class Action Settlement (the "Final Approval Order"), adopts all defined terms as set forth in the Class Settlement Agreement.

3.      The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs and Class Representatives, the other Settlement Class Members, and the Defendants.

4.      The Court finds that the distribution of the Notice of Proposed Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Class, and fully met the requirements of New Jersey law and due process under the United States Constitution.

5.      The Court approves the Class Action Settlement, upon the terms set forth in the Agreement, which includes a Release and other terms, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6.      Except as to any individual claim of Class Members who have requested exclusion from the Class, all of the Released Claims of the Plaintiffs and those Members of the Class who have not requested exclusion from the Class, are dismissed without prejudice as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Agreement.

7.      For purposes of settlement the parties stipulate to the following class:

> All New Jersey Consumers who were sent notices or letters from Goldman prior to New Jersey Higher Education Student Assistance Authority (NJHESAA) obtaining a judgment, against the such consumer, during the period between February 24, 2018 and March 22, 2019, concerning a debt allegedly owed to NJHESAA, which stated in part:

> i.      There remains due a balance as shown above, which includes interest and collection costs.

> and/or

> ii.      included collection costs and/or attorneys' fees prior to Goldman obtaining a judgment against the consumer

The parties represent that there are a total of approximately 186 members of the Class.

8.    The Court finds that the stipulated class meets the requirements of Fed. R. Civ. P. 23. Specifically, the Court finds that:

(a)    The class is so numerous that joinder is impracticable.

(b)    There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual Class Members.

(c)    Plaintiffs' claims are typical of the claims of the Class Members.

(d)    Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Class Members.

(e)    A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

9.    Excluded from the Settlement Class are _____ Class members, who timely and validly requested exclusion.

10.    Defendant will maintain a list of Class Members who are subject to the Release.

11.    Each Class Member not opting out of the Settlement as of the Effective Date does hereby release and forever discharge the Defendants, and their Related Parties (hereinafter, "the Released Parties") from all causes of action, suits, claims, and demands, whatsoever, known or unknown, in law or in equity, which the Class Member now has, ever had, or hereafter may have against the Released Parties, for any violations of the FDCPA arising out of the claims alleged on behalf of the Class in the Litigation. This Agreement does not affect the validity of the debts allegedly owed by the Class Members to New Jersey Higher Education Student Assistance Authority, and the Class Members do not waive or release their right to dispute any alleged debt,

or any part of an alleged debt, unrelated to the collection letters at issue. This release is conditioned on the final approval of the Settlement by the Court and Defendants meeting their obligations therein.

12.     Plaintiffs, their assigns, heirs, successors, agents, attorneys and personal representatives do hereby release and forever discharge the Released Parties of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity arising from the facts alleged in their respective Complaints. This release is conditioned on the final approval of the Settlement by the Court and Defendants meeting its obligations therein.

13.     Subject to Court approval, for their actual and statutory damages and for their service as class representatives, Kenny  D. Mancheno and Edward M. DePetrillo, Jr.,  will each receive Two Thousand Dollars ($2,000.00) within 10 days after the Effective Date.

14.     Within 10 days of the Effective Date, Defendants shall pay the sum of $4,650.00 to the Class Administrator to be distributed by a check in the amount of $25.00 to each of those Settlement Class Members who do not exclude themselves from the Class Settlement.

15.     Neither the Agreement nor the Settlement terms contained therein, nor any act performed, or document executed, pursuant to or in furtherance of the Agreement or the Settlement:

> a.     is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or
>
> b.     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or this Final Approval Order may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

16. The Court dismisses the claims of Plaintiffs and the Class against Defendants without prejudice and without costs.

17. Within ten (10) days after the Effective Date, Defendants shall make all payments required by the Agreement.

18. Within thirty (30) days of the Effective Date, the Class Administrator shall issue the checks and deliver them to those Class Members who have not opted out of this Settlement.

19. If any Settlement Class Member fails to cash a settlement check within sixty (60) days of mailing (the "Void Date"), the check will be void, Defendants shall be released from any related obligation to the Settlement Class Member, and the Class Member's right to receive benefits pursuant to the Settlement shall be deemed forfeited.

20. The Court designates the National Consumer Law Center as the *cy pres* recipient. Class Counsel shall issue the *cy pres* award to the National Consumer Law Center within 30 days of the Void Date.

21. When all of the following have been completed: (i) payments to Plaintiffs and the Class, (ii) the expiration of fifty (50) days after the Void Date, (iii) payment of attorney's fees to counsel for Plaintiffs and the Class, and (iv) payment of the *cy pres* award, the Class Administrator shall file a "Notice of Compliance" that Class Counsel has complied with the Terms of the Agreement and all Class members who are entitled to receive checks have been issued checks, and any money remaining in the Class Settlement Fund has been donated to the *cy pres* recipient, National Consumer Law Center. The Notice of Compliance will request that the Court convert the dismissal of the claims of Plaintiff and the Class against Defendants and the Released Parties to a dismissal with prejudice.

22. The Court has reviewed Class Counsel's petition for attorneys' fees and costs of

$66,350.00 . The Court finds that Class Counsel's petition is fair and reasonable. Defendants shall pay $66,350.00 to Class Counsel in accordance with the Agreement. Payment shall be made within ten (10) days of the Effective Date.

23.     The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiff and the Class Representatives, the Class and the Released Parties for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Final Approval Order.

24.     This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.


SO ORDERED this _____day of _____, 2020.


                                        _____
                                        Honorable, Zahid N. Quraishi,
                                        U.S.M.J.